UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No.: 24-cv-412

| | |
|---|---|
| Nicholas Fischer,<br><br>        Plaintiff,<br>v.<br><br>Radius Global Solutions LLC,<br><br>        Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. This action arises out of Defendant Radius Global Solutions LLC ("Defendant Radius Global") violations of the Bankruptcy Discharge Injunction provisions of the Bankruptcy Code, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

**JURISDICTION**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 11 U.S.C. § 524, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

1

## PARTIES

4. Plaintiff Nicholas Fischer (hereinafter "Plaintiff"), is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of Lakeville, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Radius Global is a collection agency whose principal purpose is to purchase defaulted debts and seek to collect them. Defendant Radius Global has its headquarters located at 7831 Glenroy Road, Suite 250, Edina, MN 55439. Defendant Radius Global regularly attempts to collect consumer debts alleged to be due to another and/or who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts. Defendant Radius Global is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL SUMMARY

6. On or before the Plaintiff's bankruptcy was filed in September 2023, the Plaintiff incurred medical debt.

7. The medical company the Plaintiff was indebted to hired Radius Global Solutions as a debt collector.

8. On September 1, 2023, Plaintiff commenced a Chapter 7 bankruptcy case in the U.S. Bankruptcy Court, District of Minnesota, Case No. 23-31823, and included Defendant Radius Global as an unsecured creditor.

9. According to the United States Bankruptcy Court records on September 4, 2023, the Court emailed and mailed via first class mail a notice to Defendant Radius Global notifying it of Plaintiff's bankruptcy via the Bankruptcy Noticing Center.

10. Despite receiving direct notice from the bankruptcy court, and contrary to Plaintiff's Bankruptcy filing, Defendant has attempted and continues to attempt to collect on the judgment that was included and discharged in Plaintiff's bankruptcy, in violation of 11 U.S.C. § 524.

11. On or about October 18, 2023, Plaintiff's bankruptcy attorney's office contacted Defendant Radius Global by letter and put it on direct notice for a second time that the debt they were attempting to collect had been included in Plaintiff's bankruptcy and they needed to cease any further collection efforts.

12. Despite the notice from Plaintiff's bankruptcy attorney, Defendant Radius Global continued to contact Plaintiff and those communications with Plaintiff violated 15 U.S.C. § 1692c(a)(2).

13. Defendant Radius Global proceeded to send Plaintiff direct text messages on the following dates:

    - October 17, 2023 10:35 a.m.
    - October 24, 2023 11:27 a.m.
    - October 31, 2023 11:02 a.m.

attempting to collect the debt that was included in Plaintiff's bankruptcy, in violation of 11 U.S.C. §§ 362(a)(1), 362(a)(3), 362(a)(6) and 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f.

14. Then again on or about November 1, 2023, Plaintiff's bankruptcy attorney's office contacted by letter Defendant Radius Global and put it on direct notice for a third time that the debt they were attempting to collect had been included in Plaintiff's bankruptcy and they needed to cease any further collection efforts.

15. Despite the notice from Plaintiff's bankruptcy attorney on November 1, 2023, Defendant Radius Global continued to contact Plaintiff and those communications with Plaintiff violated 15 U.S.C. § 1692c(a)(2).

16. Specifically, Defendant Radius Global proceeded to send Plaintiff direct text messages on the following dates:

    - November 7, 2023 12:36 p.m.
    - November 14, 2023 11:23 a.m.
    - November 21, 2023 1:02 p.m.
    - November 28, 2023 1:32 p.m.

17. Defendant Radius Global knew or should have known from the communications received from the bankruptcy Court and direct communications from Plaintiff's bankruptcy counsel that Plaintiff was represented by an attorney, specifically his bankruptcy counsel, Walker & Walker Law Office Ltd., and had filed for Chapter 7 bankruptcy protection.

18. Despite receiving the notices of Plaintiff's bankruptcy filing, Defendant Radius Global took no steps to suspend, cease, or stop the collection proceedings/actions.

19. Because the debt was included in Plaintiff's bankruptcy, Defendant Radius Global continued collection action, and specifically the text message collection campaign constitutes violations of 11 U.S.C. §§ 524(a)(2) and 524(a)(3) and 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f.

20. Defendant Radius Global's actions against Plaintiff described herein were done knowingly, consciously, deliberately, and willfully, despite Defendant Radius Global having received and documented notice of Plaintiff's bankruptcy.

21. Plaintiff has suffered emotional distress, fear, anxiety, and loss of sleep because of Defendant Radius Global's illegal conduct.

## TRIAL BY JURY

22. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.
### BANKRUPTCY DISCHARGE INJUNCTION VIOLATION – 11 U.S.C. § 524

23. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

24. Defendant Radius Global's actions by repeated attempts to collect on a debt that had been included in a bankruptcy, violated the discharge injunction.

25. Defendant Radius Global's actions in attempting to collect the alleged debt included and discharged in Plaintiff's bankruptcy were willful.

26. In its actions set forth above, Defendant Radius Global has violated the discharge injunction provision of the Bankruptcy Code, including but not limited to 11 U.S.C. § 524(a)(2) and § 524(a)(3).

27. Defendant Radius Global's violations of the discharge injunction entitle Plaintiff to actual damages, attorney's fees, and costs, as well as punitive and/or exemplary damages and any other applicable sections of the Bankruptcy Code. *See Taggart v. Lorenzen,* 2019 WL 2331303 (June 3, 2019).

28. The knowing, conscious, deliberate, and willful violations of the discharge injunction by Defendant Radius Global are in contempt of the bankruptcy court and are further punishable under Sections 105(a) of the Bankruptcy Code.

## COUNT II.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

29. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

30. Defendant Radius Global's above-stated acts and omissions violate the FDCPA, including, but not limited to, each one of the above-cited provisions of the FDCPA described in the paragraphs above, 11-16.

31. Defendant Radius Global's violations have caused Plaintiff actual damages in the form of emotional distress and mental anguish.

32. As a result of Defendant Radius Global's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, under 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, according to 15 U.S.C. § 1692k(a)(3).

## COUNT III.
## INVASION OF PRIVACY - INTRUSION UPON SECLUSION

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant Radius Global intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having the knowledge that Plaintiff had filed for personal bankruptcy protection, Defendant Radius Global continued to harass Plaintiff to collect a debt that was included in Plaintiff's bankruptcy petition.

35. Defendant Radius Global's intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

36. Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

37. As a result of Defendant Radius Global's intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress, and is entitled to an award of actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant Radius Global as follows:

- Judgment be entered against Defendant Radius Global and in favor of Plaintiff for actual damages, including attorney's fees and costs, as well as punitive and/or exemplary damages for Defendant Radius Global violation of discharge injunction stay;
- Find Defendant Radius Global in contempt of court for having knowingly, willfully, and deliberately violated the permanent injunction mandate;

- An order be entered declaring that Defendant Radius Global's actions as described above violate the FDCPA;
- Judgment be entered against Defendant Radius Global for actual damages, under 15 U.S.C. § 1692k(a)(1);
- Judgment be entered against Defendant Radius Global for statutory damages under 15 U.S.C. § 1692k(a)(2)(A);
- The Court award costs and reasonable attorney's fees, under 15 U.S.C. § 1692k(a)(3);
- Awarding actual damages for Defendant Radius Global's illegal intrusion upon Plaintiff's seclusion; and
- For such other and further relief as may be just and proper.

Dated: February 9, 2024.

                                Respectfully submitted,

                                By:  *s/ Thomas J. Lyons Jr.*
                                Thomas J. Lyons, Jr., Esq.
                                Attorney I.D. #: 249646
                                Carter B. Lyons, Esq.
                                Attorney I.D. #:  0403655
                                **CONSUMER JUSTICE CENTER, P.A.**
                                367 Commerce Court
                                Vadnais Heights, MN 55127
                                Telephone:  (651) 770-9707
                                Facsimile:   (651) 704-0907
                                tommy@consumerjusticecenter.com
                                carter@consumerjusticecenter.com

                                *ATTORNEYS FOR PLAINTIFF*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Nicholas Fischer, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not intended for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes outlined in it.

Dated this 9 day of February 2024.

                                                                                 s/Nicholas Fischer
                                                                                 Nicholas Fischer